■ BELLA TAIEB et al., Respondents, v HILTON HOTELS CORPORATION, Appellant, et al., Defendant. — Orders, Supreme Court, New York County (Price, J.), entered June 10, July 23 and September 15, 1982, affirmed, with one bill of costs. The order entered July 23, 1982, formalizing the court's decision dated March 23 and entered March 30, 1982, granted plaintiffs' motion for a default judgment for failure to timely file against defendant Hilton Hotels Corporation, dismissed the action against defendant the New York Hilton, Inc., for lack of jurisdiction, and directed a trial on the issue of damages only. The order entered June 10, 1982 denied defendant Hilton Hotels Corporation's motion for reargument of plaintiffs' motion for a default and denied said defendant's

application to vacate the default. The order entered September 15, 1982 denied the motion of the defendant Hilton Hotels Corporation to compel plaintiffs to accept that defendant's answer allegedly served on June 15, 1982. The action, sounding in negligence and strict liability, seeks to recover damages for injuries allegedly sustained by plaintiff Bella Taieb because she was required to climb down 34 flights of stairs in the hotel due to a fire in the premises. The action was sought to be commenced by delivering the summons and complaint, naming Hilton Hotels Corporation and the New York Hilton, Inc., as defendants, to Alice King, secretary to the general manager of the Hilton Hotel, in August or September, 1980. Defendants served their answer on November 18, 1980, asserting as their first affirmative defense "[t]hat this Court lacks jurisdiction over the defendants." The basis for the defense was not stated. It was apparently grounded on the claim that Alice King was not authorized to accept service. Counsel for plaintiffs called counsel for defendants to ask that this defense be withdrawn because there had been proper service. "When a delaying response was all that was received", the attorney for plaintiffs wrote a letter to defendants' counsel dated December 2, 1980, charging that the defense of lack of jurisdiction was frivolous in that Alice King had represented to the lawyer who served the papers that she was authorized to accept service. Accordingly, it was requested that the defense be withdrawn so that the parties could "litigate the merits of the action rather than waste time with defenses of this nature." When the attorney received no response he wrote a further letter, dated January 29, 1981, requesting a response. Defendants continued to ignore the request. Pretrial discovery proceedings went forward and the Statute of Limitations continued to run. On October 13, 1981 plaintiffs served Hilton Hotels Corporation by service of the summons and complaint upon the Secretary of State. Defendants never served an answer or otherwise responded. Accordingly, on December 18, 1981, plaintiffs moved for a default judgment and to set the action down for inquest or in the alternative, to strike the first affirmative defense of lack of jurisdiction. Defendants' failure to drop the jurisdictional defense, coupled with the danger of the expiration of the Statute of Limitations in August of 1982, made it essential that plaintiffs definitely obtain jurisdiction. In opposition to this motion, defendants submitted an affidavit, sworn to on December 28, 1981 by an attorney, that the "affirmative defense based upon lack of jurisdiction * * * was, and is, proper", together with an affidavit by the "Comptroller of the New York Hilton Hotel", sworn to December 28, 1981, in which that officer swore that "no entity known as 'The New York Hilton Inc.' [one of the named defendants] is involved in the ownership, operation or control of the New York Hilton Hotel." No mention was made in either affidavit of the service of process upon Hilton Hotels Corporation by service upon the Secretary of State on October 13, 1981, more than two months previously, nor of defendants' failure to respond to it by answer or otherwise. Both affidavits carefully avoided the one essential fact known to the affiants but not to the plaintiffs, that the hotel was owned and operated by Hilton Hotels Corporation, a named defendant. Nor did the individual who described himself as the "Comptroller of the New York Hilton Hotel" indicate the nature of that entity. By memorandum decision dated March 23, 1982 Justice Price found that service upon the secretary to the general manager of the New York Hilton was ineffective under CPLR 311, but that the service of process upon the Secretary of State addressed to Hilton Hotels Corporation properly commenced an action against that corporation. Accordingly, the court dismissed the action as against "New York Hilton, Inc." and granted a default judgment against defendant Hilton Hotels Corporation, directing an assessment of damages. That decision was

entered on March 30, 1982. By order to show cause dated April 1, 1982 defendant Hilton Hotels Corporation moved to vacate that order "dated March 23, 1982 and entered March 29, 1982" or, in the alternative, for leave to reargue plaintiffs' motion for a default and upon reargument why said motion should not be denied, and to stay the assessment of damages. Defendant Hilton Hotels Corporation argued, in support of that motion, that its failure to reserve its answer was predicated upon its belief that "this was not necessary because it had already answered the first complaint, which was identical to the second." Hilton Hotels Corporation ignored the fact that the answer upon which it relied had been served prior to the acquisition of jurisdiction over it and that said answer denied jurisdiction in the face of the court's finding that jurisdiction had been obtained by service on the Secretary of State. Counsel for Hilton Hotels Corporation then noted that various pretrial procedures in the litigation had taken place, including the filing of a note of issue by the plaintiffs on January 15, 1982. Hilton Hotels Corporation argued that it had a meritorious defense, relying solely upon excerpts from a deposition of plaintiffs, supported by an attorney's affidavit. The motion was denied upon the grounds that there was no showing that the court had misapprehended the facts or misapplied any controlling principles of law. The court further concluded that Hilton Hotels Corporation's default amounted to law office failure, unexplained and unexcused. One week later, on June 16, 1982, defendants' attorneys sent plaintiffs' attorney another answer, which was returned by plaintiffs' attorney "since the court has granted a default judgment." It does not clearly appear whether that purported answer continued to assert the defense of lack of jurisdiction. On July 13, 1982 defendant Hilton Hotels Corporation moved for an order to compel plaintiffs to accept the answer. The purported copy of the answer annexed to the moving papers no longer asserted the defense of lack of jurisdiction. No explanation is vouchsafed to the court noting or explaining the difference in the purported answers. Defendant contended that (1) plaintiffs' rejection of the answer was belated, and (2) plaintiffs had abandoned their motion for a default judgment because they failed timely to settle an order on it. Hilton Hotels Corporation further asserted that its failure to answer the summons and complaint served upon the Secretary of State was occasioned by the fact that the Secretary of State had forwarded the summons and complaint to the Statler Hotel, which the Hilton Hotels Corporation did not own in October of 1981. No explanation is given as to why the Secretary of State was not furnished with a proper address for service of process upon this defendant, nor when papers were ultimately received by counsel. Palpably there was either more unexplained law office failure or a deliberate effort to conceal the facts and snarl the plaintiffs in a procedural web. Hilton Hotels Corporation's assertion that its original answer was sufficient ignores the plain fact that according to its own jurisdictional defense, that answer was served prior to the commencement of the action. Thus, no action was pending at the time the answer was originally served. Moreover, that answer could not be a proper answer to the summons and complaint subsequently served upon the Secretary of State, for two obvious reasons: first, the action commenced upon the service of the Secretary of State; second, the denial of jurisdiction was inadvertently or deliberately false because it asserted lack of jurisdiction in the face of the finally admitted fact that jurisdiction had been obtained. Hilton Hotels Corporation's continuing assertion that the answer, had it been served, would have been identical to the first answer, is sheer effrontery, if not worse. Its failure to explain or call to the attention of its adversary or the court that the answer, ultimately and at long last served in June of 1982, apparently no longer asserted the defense of lack of

jurisdiction, makes it abundantly clear that reliance on the original answer by this defendant and by the dissent herein is without merit. The affidavit explaining that Hilton Hotels Corporation's delay in answering came about because the Secretary of State had forwarded the summons and complaint to the Statler Hotel in New York needs no further comment. The obligation of this defendant to file with the Secretary of State a designation of proper place for service cannot be attributed to anyone other than the defendant or its lawyers. Moreover, it is notable that even the affidavit of merit contains no affirmative statement by anyone on behalf of this defendant as to the merits of the action or the defense. The excerpted portions of plaintiffs' deposition stating that there was a fire in the hotel causing heavy smoke in the corridor on the floor on which plaintiffs were staying, and that plaintiffs did not try to reach the elevator because of such smoke, hardly provides a defense. The attorney's affidavit submitting the excerpts adds nothing. The final effort of Hilton Hotels Corporation to serve an answer in June of 1982, after Justice Price had twice found this defendant in default, accomplished nothing. The default had already been granted. The suggestion in the dissent, and by this defendant, that a trial on the merits is all that the defendant seeks and is entitled to ignores a blatant record of delay and default designed to avoid such a trial. The court should not countenance or excuse such procedure. Concur — Ross, J. P., Bloom and Fein, JJ.

Asch and Silverman, JJ., dissent in a memorandum by Silverman, J., as follows: I would reverse the orders appealed from, deny plaintiffs' motion for a default judgment and vacate the direction for an inquest. In view of the service of the summons on defendant-appellant Hilton Hotels Corporation through the Secretary of State, I would strike the defense of lack of jurisdiction of the person as to that defendant. Special Term has held defendant-appellant to be in default for failure to serve an answer. In my view there was no such default. In August or September, 1980 plaintiffs served a summons and complaint on a secretary to the general manager of defendant-appellant's hotel. That service was at least questionable. As specifically permitted by CPLR 320 (subd [b]) and 3211 (subd [e]), defendants served an answer on November 18, 1980 which included both a defense of lack of jurisdiction over defendants and defenses on the merits. The action proceeded through pretrial stages, including disclosure, and plaintiffs placed the case on the calendar stating that issue had been joined "on or about 11/18/80" and that "all pleadings served." Troubled by the defense of lack of jurisdiction, plaintiffs on October 9, 1981 served another copy of the *same summons and complaint* on defendant-appellant through the Secretary of State. Both sides continued their pretrial activities without interruption. The claimed default by defendant-appellant is its failure to serve another answer (or another copy of the same answer) within 30 days after service through the Secretary of State. But defendant was under no obligation to re-serve its answer. It had already served an answer to this same summons and complaint on November 18, 1980. A defendant who has answered is under no obligation to serve additional copies of its answer every time a plaintiff serves an additional copy of the same summons and complaint. The only effect of the additional service of the same summons and complaint on defendant-appellant was to overcome the defense of lack of jurisdiction of the person as to that defendant. But a defendant who has answered is under no obligation to serve a new answer whenever supervening events defeat one of the defenses asserted in its answer, particularly when there are two defendants answering in the same pleading and the defense is still valid as to one of them. (Indeed, as the additional service was not of an amended or supplemental complaint, but merely another copy of the same complaint, it is questionable whether defendants had the right without leave of court to serve an amended answer

omitting that defense.) Plaintiffs suggest that each service of the summons and complaint started a separate action, that the first action was a nullity because of improper service of the summons, but that the defendant-appellant was in default in not answering the complaint in the "second action." An "action" is an intangible; it is a concept; a way of thinking about the problem useful only when significant practical consequences should justly follow. Here the distinctions between the "two actions" are almost metaphysical. Both actions have the same summons, the same complaint, even the same index number and calendar number. The calendar number was apparently assigned pursuant to a note of issue filed after the second service which stated that issue was joined "on or about 11/18/80." Without any pretense of consolidation, plaintiffs in one notice of motion, with one caption and index number, moved (a) for an inquest on default (based on the second service) or (b) to strike the defense of lack of jurisdiction in the answer (in the "first action"?), notwithstanding plaintiffs' present contention that both that answer and that action were a nullity. And in a single order, with the same caption and index number, Special Term disposed of both branches of the motion. The argument that these are two actions and not one is reminiscent of the story about the study to determine who wrote Homer's poems, which came to the conclusion that they were written either by Homer or by another ancient blind Greek poet of the same name. Such ethereal constructs should not determine the rights of parties. There is no substantial sensible reason why defendant-appellant should be deprived of the opportunity to defend the case on the merits. Plaintiffs' repeated expressions of indignation should not obscure the simple facts that there is only one complaint and that defendant-appellant timely served its answer to that complaint on November 18, 1980, so that, as plaintiffs said, issue was joined "on or about 11/18/80." The parties should now proceed to present their proofs on the merits instead of trying to avoid a determination on the merits. As there was no default in answer, Special Term erred in ordering an inquest based upon such purported default. But as the service of the summons and complaint on defendant-appellant Hilton Hotels Corporation through the Secretary of State rendered the defense of lack of jurisdiction of the person no longer viable as to that defendant, that defense should have been stricken as relates to that defendant.